The order below is hereby signed.

Signed: April 22 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LAKEYSHA CHANNELL LEWIS, | ) | Case No. 20-00170 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DISMISSING MOTION TO CONTEST LIEN

The debtor has filed a motion contesting a lien for HOA assessments on her real property.  The claim is not pertinent at this juncture to the administration of this case under Chapter 7 of the Bankruptcy Code and the debtor's motion is not one arising under the Bankruptcy Code.  In a Chapter 7 case like this, the Bankruptcy Code confers the right on a debtor to obtain a discharge and to claim exemptions regarding assets.  But those rights do not confer on the debtor a right to obtain a determination of the extent of a lien on her property.  *See In re Ostroff*, 433 B.R. 442 (Bankr. D.D.C. 2010) (court lacked subject matter jurisdiction to determine whether lien on exempt property was invalid).

If the trustee were to sell the property, the amount and validity of the lien might be pertinent to the administration of the estate then.  However, if that does not occur, the court will have no reason to make such a determination in order to administer the case.  The debtor will retain her right to contest the lien in a court of competent jurisdiction.

In light of the foregoing, it is

ORDERED that the debtor's Motion to Contest Lien (Dkt. No. 26) is DISMISSED without prejudice to renewal should the validity of the lien become pertinent to the administration of the estate.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.